On an appeal from a decree of the High Court of Chancery.
This cause was very ably and elaborately argued by the Attorney General and Hay for the appellants, and by Randolph for the appellee, on various points; but the Court, without giving any opinion on the merits, having reversed the decree of the Chancellor on the ground of a want of proper parties defendants, and remanded the cause to the Court of Chancery for further proceedings, it will be unnecessary to state more of the case than that part which has relation to the point on which the Court did decide.
The bill was brought by Harmer against Martin Key, the appellants’ testator, for a discovery, and (among other things) for a conveyance of two tracts of land which, it was alleged, he had purchased with the motley oí Harmer, "*(under whom the appellee claimed,) and for his use, but had taken the deeds in his (Key’s) own name. Pending the suit, several abatements took place by the death of the complainants, and process was awarded to revive in the name of their representatives. At length Martin Key died, and the suit has revived against his executors, without making his heirs or devisees parties. The Chancellor decreed the two tracts of land to be conveyed to the complainant, &c. ; directed the payment of the rents and profits, and also the amount of an account which had been stated, by referees chosen by the parties during the progress of the cause, was a balance due from Martin Key, in his life-time, to Harmer.
*154 The Court, (1) (consisting of JUDGES LYONS, FLEMING, and ROANE), after taking time to consider, on Friday, the 26th of June, delivered the following opinion.
“That in bills brought for discovery and for a conveyance of land or other estate, all persons interested in the land or other estate prayed to be discovered and conveyed, ought to be made parties thereto; and, the bill in this cause being brought for a discovery and a conveyance of land said to have been purchased by Martin Key from the use of John Harmer, under whom the appellee claims; and Martin Key, the defendant to the original bill, being dead; by which the original suit abated as to him; that his heirs and devisees, and all other persons holding, claiming, or in any manner interested under him, in the lands mentioned in the original bill ought to have been made parties > defendants to the bill of revivor filed in this cause, before a final decree was pronounced therein; and, that not having been done, this Court, without giving any opinion on the merits of the said cause, considers the decree as erroneous,” &c. Decree reversed, and cause remitted to the Superior Court of Chancery for the Richmond District, with leave to the appellee to amend the bill of revivor, and add proper parties, and for further proceedings, &c.

This case is cited with approval in Gilliam v. Allen, 4 Rand. 502.

 Judge Tucker aid not sit In this cause, as it involved a point which occurs in another cause depending in this Court, in which, from his relationship to one of the parties, he could not sit. — Note in Original Edition.